IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JAMES MCCUSKER** | : | CIVIL ACTION |
| *Plaintiff* | : | |
| | : | NO. 14-5670 |
| v. | : | |
| | : | |
| **HIBU PLC,** *et al.* | : | |
| *Defendants* | : | |

NITZA I. QUIÑONES ALEJANDRO, J.                                                              APRIL 8, 2015

# MEMORANDUM OPINION

**INTRODUCTION**

Before this Court is a joint motion filed by Defendants hibu PLC, hibu Inc., (together "hibu"), and Michael Pocock (collectively "Defendants"), pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(6), which seeks to dismiss the complaint filed against them for failure to state a claim upon which relief can be granted. The arguments to dismiss are based on an express choice of law and forum selection provision contained in the employment agreement between James McCusker ("Plaintiff") and Defendant hibu. In essence, this provision provides that any employment claim brought by Plaintiff is subject to the sole jurisdiction of the state or federal courts of the State of New York. [ECF 8]. Plaintiff opposes the motion, [ECF 12], and Defendants filed a reply to the opposition. [ECF 13].

Accordingly, the issues have been fully briefed and are ripe for consideration. For the reasons stated herein, Defendants' motion to dismiss, which is being construed as a motion to transfer venue pursuant to 28 U.S.C. §1404(a), is granted. Consequently, this matter is transferred to the United States District Court for the Eastern District of New York.

## BACKGROUND

When ruling on Defendants' motion to dismiss, this Court accepts, as true, the relevant allegations in Plaintiff's complaint and attachments. Briefly, these facts are as follows:

> Defendant hibu PLC ("hibu PLC") (formerly known as Yell Group plc) is a publicly traded company with its headquarters located in the United Kingdom. (Comp. ¶¶8, 16). Hibu PLC, which regularly conducts business in Bucks County, Pennsylvania, through its wholly-owned United States subsidiary, hibu Inc. ("hibu Inc.") (formerly known as Yellowbook Inc.), is a Delaware corporation with a place of business in King of Prussia, Pennsylvania. (*Id.* at ¶¶8, 9, 17).[1]
>
> Hibu PLC was a supplier of print and online advertising for small and medium-sized businesses, and through its U.S. subsidiary, published the "Yellow Pages" print and online telephone and advertising directories. (*Id.* at ¶¶16-17).
>
> Plaintiff, a resident of Doylestown, Pennsylvania, began working for hibu Inc. in 1989 as a sales representative and rose through the rank to being appointed President and Chief Sales Officer in April 2012. (*Id.* at ¶¶7, 21, 22). With this appointment, Plaintiff entered into a written employment agreement outlining the terms of this new position (the "Employment Agreement") with Defendant hibu. Plaintiff was terminated on March 6, 2013. (*Id.* at ¶69). Pertinent to the issues raised in this motion, the Employment Agreement provides:
>
>> 18. The validity, interpretation, construction and performance of this Agreement shall be governed by the laws of the State of New York applicable in the case of agreements made and entirely performed in such State.
>>
>> 20. The parties agree that, except as provided in Section 13,[2] any legal action or proceedings between them relating to this Agreement shall be brought in the courts of the State of New York or the federal courts located in the State of New York, and the parties hereby consent to the sole and exclusive jurisdiction of such courts in any legal action or proceeding arising under this Agreement.
>
> On September 4, 2014, Plaintiff commenced this action by filing a complaint in the Bucks County Court of Common Pleas. In his complaint,

---

[1] According to the allegations contained in Defendants' notice of removal, and nowhere disputed by Plaintiff, hibu Inc. is headquartered in Uniondale, New York, which is located in the Eastern District of New York. [ECF 1, at ¶8].

[2] Neither party argues that Section 13 has any application here.

Plaintiff asserts claims for defamation based on the notice Defendant hibu gave to employees of his termination, and for violations of the Pennsylvania Wage Payment and Collection Law. Defendants removed the matter to federal court on October 3, 2014, claiming federal diversity jurisdiction; and filed the instant motion to dismiss.

**LEGAL STANDARD**

When considering a motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6), the court "must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009). The court must determine "whether the facts alleged in the complaint are sufficient to show that the plaintiff has a 'plausible claim for relief.'" *Id.* at 211 *(quoting Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009)). The complaint must do more than merely allege the plaintiff's entitlement to relief; it must "show such an entitlement with its facts." *Id.* (citations omitted). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct the complaint has alleged – but it has not 'show[n]' – 'that the pleader is entitled to relief.'" *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)) (alterations in original). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678 (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." *Id.* To survive a motion to dismiss under Rule 12(b)(6), "a plaintiff must allege facts sufficient to 'nudge [his] claims across the line from conceivable to plausible.'" *Phillips v. County of Allegheny*, 515 F.3d 224, 234 (3d Cir. 2008) (quoting *Twombly*, 550 U.S. at 570).

In *Salovaara v. Jackson Nat'l Life Ins. Co.*, the Third Circuit held that Rule 12(b)(6) is "a permissible means of enforcing a forum selection clause that allows suit to be filed in another

3

federal forum." 246 F.3d 289, 298-99 (3d Cir. 2001); *see also Wall Street Aubrey Golf, LLC v. Aubrey*, 189 F. App'x 82, 84, n. 1 (3d Cir. 2006). "As a general matter, it makes better sense, when venue is proper but the parties have agreed upon a not-unreasonable forum selection cause that points to another federal venue, to transfer rather than dismiss." *Id.* at 299. Subsequent to *Salovaara*, courts in this Circuit have preferred transfer of matters rather than dismissal when a forum selection clause specifies another venue, even when a defendant moves only to dismiss the action rather than to transfer. *See e.g., Geosonics, Inc. v. Aegean Associates, Inc.*, 2014 WL 7409529 (W.D. Pa. Dec. 31, 2014) (transferring case consistent with parties' forum selection clause even though defendant filed only a motion to dismiss); *Kahn v. American Heritage Life Ins. Co.*, 2006 WL 1879192, at *7 (E.D. Pa. June 29, 2006) (transferring action to parties' chosen forum even though only a motion to dismiss was filed); *Reynolds Publishers, Inc. v. Graphics Fin. Group, Ltd.*, 938 F.Supp. 256, 260 (D. N.J. 1994) (granting, *sua sponte*, a transfer of venue even though only a motion to dismiss was filed); *see also Jumara v. State Farm Ins. Co.*, 55 F.3d 873, 878 (3d Cir. 1995) (ordering a transfer of venue although no motion to transfer was filed). Because this Court finds that the interests of justice favor consideration of the potential transfer of this action to a proper federal venue pursuant to the parties' forum selection clause in the Employment Agreement, this Court has construed Defendants' motion as a motion to transfer venue pursuant to 28 U.S.C. §1404(a) rather than dismissing the action.

**DISCUSSION**

In their motion, Defendants argue that the complaint should be dismissed in its entirety because each of Plaintiff's claims is subject to the forum selection clause stipulated in the Employment Agreement. It is axiomatic that parties to a contract may select, in advance of litigation, the forum and the law under which any disputes will be resolved. *Banc Auto Inc. v.*

4

*Dealer Services Corp.*, 2008 WL 4055830, at *2 (E.D. Pa. Aug. 28, 2008) (citing *Botman Intern., B.V. v. International Product Imports, Inc.*, 205 F. App'x. 937, 941 (3d Cir. 2006)). Although forum selection clauses are generally treated as ordinary contract provisions and are subject to ordinary rules of contract interpretation, they are entitled to great weight and are presumptively valid. *Grossman v. Grossman*, 2009 WL 449133, at *4 (E.D. Pa. Feb. 23, 2009) (citing *Banc Auto Inc.*, 2008 WL 4055830, at *6). The strongest external sign of the agreement between contracting parties is the words they use in the written contract. Thus, when the language of the contract is unambiguous, that is, when the contract is reasonably capable of only one construction, the inquiry ends and the court must enforce the contract as written. *Integrated Health Resources, LLC v. Rossi Psychological Group*, 537 F.Supp.2d 672, 674 (D. N.J. 2008) (quoting *John Wyeth & Bro. Ltd v. CIGNA Intern. Corp.*, 119 F.3d 1070, 1074 (3d Cir. 1997)).

As stated, paragraph 20 of the Employment Agreement (the "forum selection clause") provides:

> The parties agree that, except as provided in Section 13, any legal action or proceedings between them relating to this Agreement shall be brought in the courts of the State of New York or the federal courts located in the State of New York, and the parties hereby consent to the sole and exclusive jurisdiction of such courts in any legal action or proceeding arising under this Agreement.

By its plain meaning, this forum selection clause is mandatory, requiring all claims involving the rights of the parties under the Plan to be litigated in either the state or federal courts of New York. As noted, neither party argues that Section 13 has any application here.

"[I]n federal court, the effect to be given a contractual forum selection clause in diversity cases is determined by federal not state law." *Jumara*, 55 F.3d at 877. Following the decision in *Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1 (1972), the Third Circuit has held that forum selection clauses are entitled to great weight and are presumptively valid. *Coastal Steel Corp. v.*

5

*Tilghman Wheelabrator Ltd.*, 709 F.2d 190, 202 (3d Cir. 1983). Interpreting *Bremen*, the Third Circuit held:

> [A] forum selection clause is presumptively valid and will be enforced by the forum unless the party objecting to its enforcement establishes (1) that it is the result of fraud or overreaching, (2) that enforcement would violate a strong policy of the forum, or (3) that enforcement would in the particular circumstances of the case result in litigation in a jurisdiction so seriously inconvenient as to be unreasonable.

*Id.*

Here, Plaintiff makes no allegations that the forum selection clause was the product of fraud or overreaching. Rather, Plaintiff contends that the forum selection clause is inapplicable because: (1) it is contained in a letter agreement between Plaintiff and "Yellowbook, Inc.," and not Defendants; and (2) its scope does not reach Plaintiff's claims. Plaintiff's arguments, however, are without merit; and as to the identity of the parties to the forum selection clause, is disingenuous, at best. As to his first argument, though the Employment Agreement is, on its face, between Plaintiff and Yellowbook, Inc., and not the named Defendants, it is undisputed, and publicly-available documents confirm, that Yellowbook Inc., officially changed its name to hibu Inc., in January 2013. Indeed, Plaintiff alleges as much in his complaint; *to wit*: "On January 18, 2013, Yellowbook Inc. formally changed its name to hibu Inc. For the sake of simplicity and consistency, Yellowbook Inc. and hibu Inc. will be referred to in this Complaint as 'hibu Inc.,' regardless of time." (Comp. ¶17). Based on this undisputed fact, this Court finds Plaintiff's argument is groundless. Clearly, the Employment Agreement is between Plaintiff and the named Defendants.

Further, to accept Plaintiff's opposition argument would require this Court to disregard Plaintiff's own factual allegations in the complaint and permit Plaintiff to essentially enforce an

6

employment contract against entities he now argues, for his own convenience, are not parties to the contract. This, of course, Plaintiff cannot do. Therefore, Defendants have contractual standing to enforce the forum selection clause in the Employment Agreement.[3]

Next, Plaintiff argues that the scope of the parties' forum selection clause does not encompass the claims in this action. "The question of the scope of a forum selection clause is one of contract interpretation." *John Wyeth & Brother Ltd.*, 119 F.3d at 1073. As stated, the forum selection clause at issue here provides: "any legal action or proceedings between them relating to this Agreement shall be brought in the courts of the State of New York or the federal courts located in the State of New York, and the parties hereby consent to the sole and exclusive jurisdiction of such courts in any legal action or proceeding arising under this Agreement." As Plaintiff concedes, a claim or dispute "relates to" a contract if the claim or dispute has "some connection or relation" to the contract. *Marino v. Cross Country Bank*, 2007 WL 1946533, at *5 (E.D. Pa. June 29, 2007).

As stated, Plaintiff asserts against Defendants a defamation claim and a claim for unpaid wages under the Pennsylvania Wage Payment and Collection Law ("WPCL"). While Plaintiff's defamation claim may conceivably fall outside the scope of the parties' forum selection clause, Plaintiff's unpaid wage claim under the WPCL, however, clearly falls within the scope of the parties' forum selection clause since any resolution of the claim will depend on the terms of the Employment Agreement. In fact, an unpaid wage claim requires the existence of an employment agreement. *See Weldon v. Kraft, Inc.*, 896 F.2d 793, 801 (3d Cir. 1990); *Scott v. Bimbo*

---

[3] It is also well-settled that "a non-signatory party may enforce a forum selection clause in a contract if the party is a third-party beneficiary of the contract or is closely related to the contractual relationship or dispute such that it is foreseeable that the party will be bound." *AAMCO Transmissions, Inc. v. Romano*, ___ F.3d ___, 2014 WL 4105986, at *5 (E.D. Pa. Aug. 21, 2014). Here, each of the Defendants is sufficiently related to the contractual relationship and dispute at issue to enforce the forum selection clause contained in the Employment Agreement underlying Plaintiff's WPCL claim.

7

*Bakeries, USA, Inc.*, 2012 WL 645905, at *4 (E.D. Pa. Feb. 29, 2012); *Lehman v. Legg Mason, Inc.*, 532 F.Supp.2d 726, 733 (M.D. Pa. 2007) ("Relief under the WPCL is implausible without existence of a contract.").

While bifurcation of these claims is an option, because Plaintiff's claims for unpaid wages clearly falls within the scope of the parties' forum selection clause, and the defamation claim is related to what was said when Plaintiff was terminated, it is this Court's opinion that the interests of judicial economy weigh in favor of transferring the entire action to the parties' selected forum, *i.e.*, the courts of the State of New York. *Cf. Campanini v. Studsvik, Inc.*, 2009 WL 926975, at *5 (E.D. Pa. Apr. 6, 2009) (transferring all claims even though some claims not subject to parties' forum selection clause); *Nemo Associates, Inc. v. Homeowners Marketing Services Int'l, Inc.*, 942 F.Supp. 1025, 1029 (E.D. Pa. 1996) (transferring entire case in the interests of justice even though some of the plaintiffs were not necessarily bound by the forum selection clause); *Pendleton Enterprises, Inc. v. The Iams Company*, 851 F.Supp. 1503, 1506 (D. Utah 1994) (transferring entire case in the interests of justice even though some of the claims did not fall within the scope of the parties' forum selection clause).

Lastly, in light of the United States Supreme Court's decision in *Atlantic Marine Constr. Co. v. U.S. Dist. Court for Western Dist. of Texas*, __ U.S. __, 134 S.Ct. 568 (2013), a district court must also consider the §1404(a) *forum non conveniens* factors when determining whether to enforce a forum selection clause that selects another particular federal forum. *Id.* at 579-80. The Supreme Court has made it clear, however, that where a valid forum selection clause exists, as is the case here, a district court must consider *only* the public-interest factors, and not the private-interest factors. *Id.* at 582; *see also Hedge Fund Solutions, LLC v. New Frontier Media, Inc.*, 2014 WL 796208, at *1, n. 3 (E.D. Pa. Feb. 28, 2014). "Because those factors [*i.e.*, the

public-interest factors] will rarely defeat a transfer motion, the practical result is that forum-selection clauses should control except in unusual cases." *Id.* In addition, the Supreme Court held that where the plaintiff defied the parties' forum selection clause by filing in a non-chosen forum, as did Plaintiff here, the plaintiff "bear[s] the burden of showing that public-interest factors *overwhelmingly* disfavor a transfer." *Id.* at 583 (emphasis added). Consequently, as the party seeking to overcome an otherwise enforceable forum selection clause, Plaintiff bears the burden of showing that the public-interest factors "overwhelmingly" weigh in favor of venue in this forum, as opposed to the forum in the State of New York. Plaintiff, however, makes no attempt to meet this burden and, instead, focuses solely on the arguments as to the scope of the clause addressed – an argument rejected. Based on the arguments made and the factual allegations in the complaint, this Court finds that Plaintiff has not met his burden to substantiate exceptional circumstances to warrant disregarding the parties' contractual choice of forum.

## CONCLUSION

For the reasons stated herein, this Court finds the forum selection clause in the Employment Agreement is valid and enforceable. As such, Plaintiff's filing of this action is in violation of the clause and, although this Court has the power to dismiss the case pursuant to Defendants' Rule 12(b)(6) motion to dismiss, in the interests of justice, this Court has elected not to dismiss this action but rather to exercise its discretionary authority to transfer this case to a federal court located within the contractually specified forum pursuant to 28 U.S.C. §1404(a), *i.e.*, the United States District Court for the Eastern District of New York. In light of this Order to transfer, this Court will not address the merits of Defendants' additional dismissal arguments. An Order consistent with this Memorandum Opinion follows.

NITZA I. QUIÑONES ALEJANDRO, U.S.D.C., J.