# MINTZ LEVIN

One Financial Center
Boston, MA 02111
617-542-6000
617-542-2241 fax
www.mintz.com

**Bret A. Cohen** | 617 348 3089 | bcohen@mintz.com

April 22, 2016

<u>VIA ELECTRONIC CASE FILING</u>

Hon. Gary R. Brown
United States District Court
Eastern District of New York
944 Federal Plaza
Central Islip, NY 11722

      Re:   *James McCusker v. hibu plc, et al.*
              <u>Eastern District of New York Civil Docket No. 2:15-cv-2659</u>

Dear Judge Brown:

      Pursuant to Section III.B. of your Individual Practice Rules and Local Rule 37.3, this letter serves as Defendants hibu plc, hibu Inc., and Mike Pocock's (together, "Defendants") Motion to Compel Plaintiff's Discovery Responses and Plaintiff's Deposition.

<u>Procedural History</u>

      On March 1, 2016, hibu Inc. served on Plaintiff the following: (1) First Set of Interrogatories, (2) First Set of Requests for Production of Documents, and (3) First Set of Requests for Admission.  Defendants also served a Notice of Deposition for Plaintiff James McCusker for April 12, 2016.  Plaintiff's discovery responses were due on March 31, 2016. (*See* Exhibit A.)  On April 5, 2016, Defendants' counsel emailed Plaintiff's counsel asking when Defendants could expect Plaintiff's discovery responses. (*See* Exhibit B.)  On April 8, 2016, after receiving no response, Defendants' counsel followed up again with Plaintiff's counsel and stated that because they were waiting on Plaintiff's discovery responses, they were rescheduling Plaintiff's deposition for May 4, 2016. (*See* Exhibit C.)  Defendants' counsel also told Plaintiff's counsel that they were amenable to granting an extension until April 22, 2016 for Plaintiff to serve his discovery responses. (*Id.*)

      On April 8, 2016, Plaintiff's counsel responded that they would not produce Plaintiff for deposition on May 4, and would not produce Plaintiff for deposition until all documents that he had requested from Defendants in discovery or during depositions were produced. (*See* Exhibit D.)  Plaintiff's counsel did not state when Plaintiff's discovery responses would be forthcoming. (*Id.*)  Plaintiff's counsel ended his response telling Defendants' counsel to "seek relief from the Court." (*Id.*)

**Mintz, Levin, Cohn, Ferris, Glovsky and Popeo, P.C.**

BOSTON | LONDON | LOS ANGELES | NEW YORK | SAN DIEGO | SAN FRANCISCO | STAMFORD | WASHINGTON

Hon. Gary R. Brown
April 22, 2016
Page -2-

Even though Defendants' counsel believed that they had produced all documents requested by Plaintiff's counsel, they nevertheless, in a show of good faith, reviewed all of the deposition transcripts and their discovery responses. On April 20, 2016, Defendants' counsel advised Plaintiff's counsel of the same and, pursuant to Local Civil Rules 26.4 and 37.3 and FRCP 37(a)(1), Defendants' counsel invited Plaintiff's counsel to call them to discuss by the close of business on April 21, 2016. (*See* Exhibit E.) Plaintiff's counsel did not respond to Defendants' good faith effort to resolve the dispute. Accordingly, Defendants are forced to bring the instant motion.

## Legal Argument

Rule 26(b)(1) of the Federal Rules of Civil Procedure allows a party to "obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable." *See also Balk v. New York Inst. of Tech.*, 974 F. Supp. 2d 147, 154 (E.D.N.Y. 2013) ("Relevance under Rule 26 has been construed broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on any issue that is or may be in the case.") (internal quotations omitted).

A party's failure to comply with a request or demand entitles the other party to move the Court to compel compliance. *See* Fed. R. Civ. P. 30(a)(1) and 37(a); *Ortiz v. New York City Hous. Auth.*, 2010 U.S. Dist. LEXIS 23719, at *3-5 (E.D.N.Y. March 12, 2010) (granting defendant's motion to compel plaintiff's deposition following plaintiff's failure to attend deposition). Here, Plaintiff refuses to produce responses to any of the discovery requests served by hibu Inc. and also refuses to appear for deposition on the date noticed by Defendants.

All of the discovery requests relate to Plaintiff's claims for owed severance and defamation, including his claims for damages. Such information is clearly relevant and necessary to Defendants' defense to Plaintiff's claims. *See Fox v. Cheminova*, 2006 U.S. Dist. LEXIS 11463, at *25-26 (E.D.N.Y. March 1, 2006) (granting defendants' motion to compel discovery responses concerning damages because such discovery was relevant to their defense); *see also Carr v. State Farm Mut. Auto. Ins.*, 2015 U.S. Dist. LEXIS 163444, at *26 (N.D. Tex. Dec. 7, 2015) (granting defendants' motion to compel plaintiff's deposition and discovery responses where plaintiff failed to show that the requested discovery failed the proportionality calculation mandated by revised FRCP 26). Plaintiff does not offer any reason for his refusal to serve his written responses and documents responsive to hibu Inc.'s written discovery requests.

Plaintiff also refuses to appear for deposition on the grounds that hibu allegedly owes him documents. Despite Defendants' assurances that they produced all nonprivileged documents responsive to Plaintiff's document requests and noted privileged responsive documents on a privilege log, Plaintiff claims that other documents remain outstanding. Plaintiff, however, refuses to identify these documents. Moreover, Plaintiff cannot simply refuse to appear for deposition. *See Ortiz*, 2010 U.S. Dist. LEXIS 23719, at *3-5 (granting defendant's motion to compel plaintiff's deposition and stating "[j]ust as plaintiff has a right to bring this case, defendants have a right to defend against it"); *Wilson v. Pasquale's DeMarino's, Inc.*, 2013 U.S. Dist. LEXIS 41733, at *20-

Hon. Gary R. Brown
April 22, 2016
Page -3-

21 (S.D.N.Y. March 25, 2013) (finding party's refusal to appear at deposition deliberately obstructed proceedings and was a basis for entering default judgment); *see also* Section IV.b of this Court's January 12, 2016 Scheduling Order (Document 36) ("If counsel cannot agree on a schedule for a given deposition, the deponent must appear at the date, time, and place set forth in a notice properly served pursuant to Federal Rule of Civil Procedure 30 unless excused by the party that served the notice or by the Court.").

Defendants understand that this Court prefers that the parties resolve the dispute among themselves. But Defendants are at a loss of what to do at this stage. Local Civil Rule 26.4(a) states that "Counsel are expected to cooperate with each other, consistent with the interests of their clients, in all phases of the discovery process and to be courteous in their dealings with each other, including in matters relating to scheduling and timing of various discovery procedures." Defendants tried in good faith on multiple occasions to resolve this dispute with Plaintiff, but Plaintiff's counsel refuses to comply with this Rule. In light of the rapidly approaching discovery deadline of August 17, 2016, Defendants require judicial intervention to obtain Plaintiff's discovery responses and compel Plaintiff to appear for deposition.[1]

<u>Conclusion</u>

Defendants need to take Plaintiff's deposition and review his discovery responses in order to appropriately defend against Plaintiff's claims. Plaintiff cannot unilaterally refuse to comply with the discovery rules. Accordingly, Defendants request that the Court:

(1) Order Plaintiff to appear for deposition on **May 4 or 5, or June 22, 29, or 30, 2016 at 10:00 am** at the office of Mintz Levin, 666 Third Avenue, New York, New York (or, alternatively, at Mintz Levin's Boston office, located at One Financial Center, Boston, Massachusetts);

(2) Order Plaintiff to serve his full and complete responses to hibu Inc.'s First Set of Interrogatories, First Set of Requests for Production, and First Set of Requests for Admission and produce all responsive documents with a privilege log within seven (7) days of the Court's Order on this Motion; and

(3) Order any other relief that the Court deems just and appropriate.

Thank you for your attention to this matter.

Respectfully submitted,

*Bret A. Cohen* (signature)

Bret A. Cohen

---

[1] Plaintiff's refusal to provide discovery responses is part of a repeated pattern. Defendants were forced to seek – and obtained – an order compelling Plaintiff Mark Cairns to provide complete discovery responses to Defendants' discovery requests in the matter of *Cairns v. hibu plc, et al.*, Civil Action No. 14-5671, pending before the Eastern District of Pennsylvania. (*See* Exhibit F.) This Court ordered at its January 12, 2016 initial conference that discovery conducted in the instant case may be used in the *Cairns* matter, and *vice versa*. Plaintiff's refusal to appear for deposition and serve his complete discovery responses prejudices Defendants in both cases.

Hon. Gary R. Brown
April 22, 2016
Page -4-

Enclosures

cc.  Gauri P. Punjabi, Esq.
 Terry McMahon, Esq.
 Daniel R. Long, Esq.
 Clifford E. Haines, Esq. (via ECF)
 Danielle Weiss, Esq. (via ECF)
 Jason Lemonedes, Esq. (via ECF)

<u>Certification</u>

  I, Bret A. Cohen, certify pursuant to Local Civil Rule 37.3 and FRCP 37(a)(1) that my colleague, Gauri Punjabi, and I attempted on April 20, 2016 (and as more fully explained in this letter motion) to resolve the instant discovery dispute before filing this motion to compel.

47352263v.3