# MINTZ LEVIN

One Financial Center
Boston, MA 02111
617-542-6000
617-542-2241 fax
www.mintz.com

**Bret A. Cohen** | 617 348 3089 | bcohen@mintz.com

June 7, 2016

<u>VIA ELECTRONIC CASE FILING</u>

Hon. Gary R. Brown
United States District Court
Eastern District of New York
944 Federal Plaza
Central Islip, NY 11722

      Re:    *James McCusker v. hibu plc, et al.*
                <u>Eastern District of New York Civil Docket No. 2:15-cv-2659</u>

Dear Judge Brown:

      Pursuant to Section III.B. of your Individual Practice Rules, Local Rule 37.3 and Federal Rule of Civil Procedure 37(b), this letter serves as Defendants hibu plc, hibu Inc., and Michael Pocock's (together, "Defendants") Motion for Sanctions.

## Procedural History

      On March 1, 2016, hibu served requests for production of documents, requests for admission, and interrogatories and a notice of deposition on Plaintiff. Despite three requests from hibu, Plaintiff did not serve any responses to these discovery requests. Plaintiff also refused to appear for deposition. Consequently, on April 22, 2016, Defendants filed a motion to compel Plaintiff's discovery responses and appearance at deposition.

      On May 3, 2016, this Court granted Defendants' motion and ordered Plaintiff to: (1) appear for deposition on June 22, 2016 at 10:00am at the office of Mintz Levin, 666 Third Avenue, New York, NY; and (2) serve his "full and complete responses" to hibu's interrogatories, document requests, and requests for admission and produce all responsive documents with a privilege log within seven (7) days (*i.e.*, by May 10, 2016) (the "Order"). (*See* Exhibit A: May 3, 2016 Electronic Order.)

      On May 12, 2016, having received *no* documents from Plaintiff, Defendants' counsel emailed Plaintiff's counsel seeking confirmation by close of business on May 13, 2016, that Plaintiff intended to comply with the Court's Order. (*See* Exhibit B: May 12, 2016 Email from G. Punjabi.) Plaintiff's counsel did not respond as requested. On May 17, 2016, Plaintiff's counsel wrote hibu's counsel that they would "ship" documents "later this week" and would send interrogatory answers "shortly." (*See* Exhibit C: May 17, 2016 Email from C. Haines.) Plaintiff's counsel did not mention the written responses to the requests for admission and document requests or the privilege log. Defendants' counsel then inquired about the status of those items, but received no response. (*See* Exhibit D: May 17, 2016 Email from G. Punjabi.) Later in the day, Defendants' counsel again asked Plaintiff's counsel to confirm that all of the outstanding discovery responses, documents, and privilege log would be sent that week. (*See* Exhibit E: May 17, 2016 Email from B. Cohen.) Plaintiff's counsel did not respond.

**Mintz, Levin, Cohn, Ferris, Glovsky and Popeo, P.C.**

BOSTON | LONDON | LOS ANGELES | NEW YORK | SAN DIEGO | SAN FRANCISCO | STAMFORD | WASHINGTON

Hon. Gary R. Brown
June 7, 2016
Page -2-

On Monday, May 23, 2016, Plaintiff's counsel informed Defendants' counsel that documents and written responses to hibu's document requests would be in the mail "tomorrow."[1] (*See* Exhibit F: May 23, 2016 Email from D. Weiss.)  Plaintiff's document production did not arrive by the end of the week.

On May 31, 2016, Defendants' counsel received Plaintiff's document production, which was mailed on May 25, 2016.  Plaintiff, however, provided no written responses to hibu's document requests, interrogatories, or requests for admission, and no privilege log accompanied the production.  Furthermore, the document production responded to barely a handful of hibu's 30 document requests.  In light of Plaintiff's rapidly approaching deposition, on June 3, 2016, Defendants' counsel sent Plaintiff's counsel a letter outlining the deficiencies in Plaintiff's production and requesting complete responses by the close of business on June 6, 2016. (*See* Exhibit G: June 3, 2016 Letter from B. Cohen.)

Defendants' counsel repeatedly expressed his reluctance to engage in further motions practice, telling Plaintiff's counsel that "we wish to resolve this dispute without any more friction" and that "we would like to avoid any additional court intervention." (*Id.*)  Defendants' counsel ended the letter by inviting Plaintiff's counsel, pursuant to Local Civil Rules 26.4 and 37.3 and FRCP 37(a)(1), to call him on his cell phone over the weekend to discuss. (*Id.*)  Plaintiff's counsel did not call Defendants' counsel.  Instead, he blamed Defendants' counsel for making "continued threats and accusations" and instructed Defendants' counsel  to call *him* "and make [the threats and accusations] personally."[2] (*See* Exhibit H: June 3, 2016 Email from C. Haines.)  Defendants' counsel did not respond.

On June 6, 2016, Plaintiff's counsel emailed Defendants' counsel accusing them of launching "ad homonym personal and professional attacks" and making "slights." (*See* Exhibit I: June 6, 2016 Email from C. Haines.)  Plaintiff's counsel did not inform Defendants' counsel in his email when they would serve full and complete responses to hibu's discovery requests and a privilege log. (*Id.*)  Defendants' counsel responded that they had made multiple good faith efforts to resolve the discovery dispute. (*See* Exhibit J: June 6, 2016 Email from B. Cohen.)  Plaintiff's counsel's responded that he would "try to have your concerns addressed" but then accused Defendants' counsel of making "judgements (sic)" against Plaintiff's counsel.  Again, and importantly, Plaintiff's counsel did not state when Plaintiff's outstanding discovery responses would be served. (*See* Exhibit K: June 6, 2016 Email from C. Haines.)

## Legal Argument

Defendants recognize that sanctions under FRCP 37(b) are a serious remedy.[3]  But Plaintiff painted Defendants into a corner by completely disregarding the Court's Order and failed to produce the ordered discovery and otherwise cooperate during discovery.  Courts have deemed sanctions appropriate under such circumstances. *See Integrity Elecs., Inc. v. Garden State Distribs.*, 2012 U.S. Dist. LEXIS 43224 at *12-

---

[1]  Plaintiff's counsel further indicated that they were preparing for trial and did not have "man power." (*Id.*)  She did not indicate when their trial was going to commence.  Nevertheless, Defendants' counsel recognized this limitation and did not follow up with Plaintiff's counsel again that week.

[2]  Plaintiff's counsel stated that they were starting a trial on June 6, 2016.  The discovery responses at issue were originally due on March 31, 2016 and then, by the Court's Order, due on May 10, 2016, so the fact that Plaintiff's counsel is starting a trial on June 6, 2016 does not excuse the significant delay in producing the ordered documents and discovery responses or the disregard for the Court's May 3, 2016 Order.

[3]  Indeed, Defendants do not pursue this Motion lightly.  To the best of his recollection, Defendants' counsel has only filed a motion for sanctions on one other occasion in his 22 years of practice.  But Plaintiff's conduct in this matter left Defendants with no other avenue for relief.

Hon. Gary R. Brown
June 7, 2016
Page -3-

13 (E.D.N.Y. Mar. 28, 2012) (holding that the sanctions "recommended were not only the result of defendants' woefully inadequate responses to plaintiff's discovery requests but also defendants' sustained history of intransigence and their failure to fully comply with the June 30, 2011 order and the earlier discovery orders in this case."); *Davis v. Citibank, N.A.*, 2013 U.S. Dist. LEXIS 98779 at *15-16 (S.D.N.Y. July 12, 2013) (citing *Valentine v. Museum of Modern Art*, 29 F.3d 47, 50 (2d Cir. 1994) ("Plaintiff's noncompliance and refusal to cooperate with discovery amounts to a 'sustained and willful intransigence'").

      In an effort to avoid further court intervention, the Defendants gave Plaintiff an additional four weeks to comply with the Court's Order.  As evidenced in the correspondence between counsel, however, Plaintiff has not provided any assurances that, let alone a date certain by when, he will comply with the Court's Order.  Plaintiff's deposition was ordered for June 22, 2016, which is barely two weeks away.  The absence of Plaintiff's discovery responses is prejudicing Defendants' ability to properly prepare for and take Plaintiff's deposition.  Furthermore, Defendants' London-based client representative already made arrangements to fly to New York City to attend Plaintiff's deposition on June 22.  Thus, rescheduling Plaintiff's deposition to a later date will result in Defendants having to incur additional costs for new flights and hotel, not to mention the inconvenience to Defendants' client representative.

      Plaintiff brought this action against Defendants alleging defamation and a violation of the Pennsylvania Wage Payment and Collection Act.  Defendants have a right to take discovery, including Plaintiff's deposition, to flesh out Plaintiff's allegations.  Plaintiff cannot simply choose to avoid his discovery obligations, particularly where the Court has issued an order compelling his compliance with those obligations.  In light of Plaintiff's flouting of the Court's Order and lack of cooperation during discovery, sanctions should be ordered against Plaintiff. *Rates Tech., Inc. v. Mediatrix Telecom, Inc.*, 2008 U.S. Dist. LEXIS 120291 at *28-29 (E.D.N.Y. Sep. 2, 2008) ("Based upon … the willful, unnecessary burden placed upon Defendants by both Plaintiff and its counsel… sanctions in the form of expenses, including attorney's fees, [should] be awarded to Defendants, in addition to the sanction of dismissal, because the failure to obey the Orders of this Court was not substantially justified and no other circumstances were presented which would make an award of such expenses unjust.").

## Conclusion

      The Plaintiff blatant disregard of the Court's Order has prejudiced, and will continue to prejudice, Defendants in their ability to defend themselves against Plaintiff's claims.  Accordingly, Defendants request the following relief (or the requested alternative relief where appropriate) from the Court:

      (1) Order Plaintiff to be in contempt of the Court's May 3, 2016 Order pursuant to FRCP 37(b)(2)(A)(vii);

      (2) Order dismissal of Plaintiff's Complaint pursuant to FRCP 37(b)(2)(A)(v), or in the alternative, order the striking of Plaintiff's pleadings in whole or in part pursuant to FRCP 37(b)(2)(A)(iii), or in the alternative, issue an order prohibiting Plaintiff from supporting or opposing designated claims or defenses or from introducing designated matters in evidence pursuant to FRCP 37(b)(2)(A)(ii);

      (3) Order that all discovery requests that remain outstanding as of June 7, 2016 be given an inference favorable to Defendants pursuant to FRCP 37(b)(2)(A)(i);

      (4) Order Plaintiff to pay the reasonable attorney's fees and expenses incurred by Defendants since the Court's May 3, 2016 Order in pursuing Plaintiff's outstanding discovery responses, including the

Hon. Gary R. Brown
June 7, 2016
Page -4-

fees and expenses incurred in communicating with Plaintiff's counsel in attempts to obtain the discovery responses and drafting and filing the instant Motion, pursuant to FRCP 37(b)(2)(C); and

    (5) Order any other relief that the Court deems just and appropriate.

Thank you for your attention to this matter.

                              Respectfully submitted,

                              Bret A. Cohen

Enclosures
    Exhibits A through K

cc.    Gauri P. Punjabi, Esq.
       Terry McMahon, Esq.
       Daniel R. Long, Esq.
       Clifford E. Haines, Esq. (via ECF and email)
       Danielle Weiss, Esq. (via ECF and email)
       Jason Lemonedes, Esq. (via ECF and email)

<u>Certification</u>

    I, Bret A. Cohen, certify pursuant to Local Civil Rule 37.3 and FRCP 37(a)(1) that I attempted on June 3 and 6, 2016 (and as more fully explained in this letter motion) to resolve the instant discovery dispute before filing this motion for sanctions.

48379152v.2