

HAINES & ASSOCIATES

CLIFFORD E. HAINES
DIRECT DIAL   215-246-2201
EMAIL   CHAINES@HAINES-LAW.COM

June 10, 2016

**VIA ELECTRONIC CASE FILING**

Honorable Gary R. Brown
United States District Court
Easter District of New York
944 Federal Plaza
Central Islip, New York 11722

      RE:    **James McCusker v. hibu plc, et al.**
               **Eastern District of New York Civil Docket 2:15-cv-2659**

Dear Judge Brown:

      While I am presently on trial in another matter, correspondence seeking sanctions against me and my law firm gets my attention. Unfortunately, Mr. Cohen and I have been engaging in repeated rounds of unpleasant disputes over both childish and substantive matters. We are each of the view that we have the moral high ground. It is not my intent to show the Court why mine is higher than his, but I would be remiss if I did not express my deep displeasure over accusations of misconduct or unprofessionalism. I frequently assume that those invectives are being included for the benefit of the Court and in the hopes of embarrassing an opponent.

      To the extent that my office should have provided more complete Answers to Interrogatories and Request for Production of Documents, I take full responsibility. I was – and still am – willing to address any deficiencies. Indeed we are in the process of addressing the concerns that appear in Mr. Cohen's letters and emails of May 2016 which are attached to his motion. My "past letter", emails to Mr. Cohen reflecting a long history of unpleasant interactions with him and his associate. My email of Friday, June 3, 2016 was intended to convey to Mr. Cohen that his – or his associate's – language does not promote accord and I was prepared to discuss that with him personally. I never intended to refuse to address his concerns and fully expect we will have done so by the first of next week. As you can see from my most recent e-mail, my view is that Mr. Cohen launches his attacks before he tries to work things out in direct violation of Local Rule 37.3. Among the deficiencies of email is the opportunity for one lawyer to say to another lawyer he/she would never say in person. Emails also invariably lead to unjustified assumptions. I believe that is the case here.

      Hibu will be hard pressed to show any prejudice to the Court by whatever discovery inadequacies they see. Our case revolves around a blindsided firing of our clients who were literally removed from the premises without so much as an opportunity to remove personal

Honorable Gary R. Brown
June 10, 2016
Page 2

belongings from their offices. Putatively a thorough investigation was conducted which included retrieving emails and voicemail from the phone and computer system at hibu. Although wild accusations of misconduct were directed at our client, hibu could not find one shred of concrete evidence to support their allegations. They could not find any evidence because none existed. They have virtually everything relevant – except to our clients' thoughts – and neither will advance their ball. In short, this is nothing more than papering a file.

While defendant is entitled to more substantive answers, it will change no fact nor substantive answers, it will change no fact nor disclose any prejudice to defendants. Sanctions will not advance the ball here; they will simply underscore the ever advancing animus between counsel. Accordingly, I would request that the Court dismiss Defendants' Motion subject to full and complete responses no later than June 17, 2016.

Respectfully,

/s/ *Clifford E. Haines, Esquire*

CEH/dao

cc:   Bret Cohen, Esquire
      Terry McMahon, Esquire
      Daniel R. Long, Esquire
      Jason Lemonedes, Esquire