# MINTZ LEVIN

One Financial Center
Boston, MA 02111
617-542-6000
617-542-2241 fax
www.mintz.com

**Bret A. Cohen** | 617 348 3089 | bcohen@mintz.com

June 20, 2016

VIA ELECTRONIC CASE FILING

Hon. Gary R. Brown
United States District Court
Eastern District of New York
944 Federal Plaza
Central Islip, NY 11722

Re:   *James McCusker v. hibu plc, et al.*
      Eastern District of New York Civil Docket No. 2:15-cv-2659

Dear Judge Brown:

As an initial matter, we too regret that your involvement is repeatedly required in resolving discovery disputes in this case. We understand that the Court has more pressing matters on its docket. Unfortunately, there continues to remain a disconnect between counsel for the parties, so the Court's assistance is required and appreciated.

Turning to the issue of rescheduling Plaintiff's deposition, opposing counsel's letter mischaracterizes our June 17, 2016 correspondence. Because Defendants had to seek and obtain an order from the Court to schedule Plaintiff's deposition, Defendants did not want to disobey the Court's order. We expressed this concern in our June 17 and June 20 emails (attached as Exhibit A) to opposing counsel.

In short, Plaintiff's counsel found himself with a May 3, 2016 order from this Court compelling Plaintiff's deposition in this matter for this Wednesday, June 22, 2016. According to Plaintiff's counsel, a judge in Philadelphia last week ordered a case to be re-tried and that this trial would occur in part this week. It is our position that we are not being uncooperative when we told Plaintiff's counsel that, given this Court's order, we could not just reschedule the deposition. Moreover, we believe that Plaintiff's counsel should have shared with the Philadelphia court the fact that there exists another order in another matter (this one) that requires recognition and reconciliation rather than just assuming that this Court's order can be ignored.

Additionally, while we understand that conflicts can unexpectedly arise, we do not understand why opposing counsel waited until 4:30 pm on Friday, June 17th to notify us that they would not be able to appear for deposition on Wednesday, June 22nd, when they knew as early as Monday, June 13th, of this conflict. Accordingly, our question to Plaintiff's counsel about the timing of opposing counsel's notice is justified. As you can see from the attached correspondence from opposing counsel, we did not receive an answer to our question as to why they waited until 4:30 pm on the Friday before the deposition to let us know of this conflict.

We ask this Court to not view this issue in a vacuum. When we could not get Plaintiff's counsel to give us a firm date for his client's deposition, we had to seek (and received) an order from this Court.

**Mintz, Levin, Cohn, Ferris, Glovsky and Popeo, P.C.**

BOSTON | LONDON | LOS ANGELES | NEW YORK | SAN DIEGO | SAN FRANCISCO | STAMFORD | WASHINGTON

Hon. Gary R. Brown
June 20, 2016
Page -2-

When we could not get Plaintiff to give us answers to discovery, we had to seek (and received) an order from this Court. When we received no responses to our discovery, we had to seek sanctions from this Court before we actually received any responses from Plaintiff.

Though Defendants remain prepared to move forward with the deposition on June 22, we will, of course, comply with any order of this Court directing the parties to reschedule the deposition. We ask, however, that the Court schedule a telephone conference at its earliest convenience to facilitate the rescheduling of the deposition and address Plaintiff's discovery responses, many of which remain deficient.

Thank you for your attention to this matter.

Respectfully submitted,

Bret A. Cohen

Enclosures

cc:  Gauri P. Punjabi, Esq.
     Terry McMahon, Esq.
     Daniel R. Long, Esq.
     Clifford E. Haines, Esq. (via ECF and email)
     Danielle Weiss, Esq. (via ECF and email)
     Jason Lemonedes, Esq. (via ECF and email)